**Bertha SCOTT, Appellant,**

v.

**Hazel C. LUTZ, Appellee.**

Court of Appeals of Kentucky.

Oct. 15, 1971.

David Kaplan, Edwin I. Baer, Louisville, for appellant.

William P. Swain, William O. Guethlein, Boehl, Stopher, Graves & Deindoerfer, Louisville, for appellee.

DAVIS, Commissioner.

This litigation arose from a two-car collision at the intersection of Oak and Pearl Streets in New Albany, Indiana. The appellant, Bertha Scott, was the plaintiff; the appellee, the defendant in the trial court. A jury returned its verdict for the defendant. Plaintiff brings this appeal, contending that a peremptory instruction in her behalf was improperly denied, and improper argument of counsel and improper comment by the trial judge require reversal.

Plaintiff was driving westwardly on Oak Street; defendant was going south on Pearl. There were boulevard stop signs at the intersection requiring traffic on each street to stop at the intersection. The defendant admitted that she did not stop, but claimed that her brakes "failed." Actually, it appears from her evidence that she skidded on the wet street, since she said that her application of the brakes caused the car's speed to be reduced to five miles per hour. (She did not testify just what her rate of speed was immediately before she undertook to stop.)

The defendant testified that she saw plaintiff's car as each car was very near the intersection; the plaintiff did not stop at the intersection, according to defendant's testimony. On the other hand, the plaintiff swore that she did stop, and proceeded into the intersection after the stop, when she observed defendant's car some 30 to 35 yards from the intersection traveling approximately 40 to 45 miles per hour.

Plaintiff contends that the trial court should have granted her a peremptory instruction on the question of liability, since the defendant was obviously negligent in failing to stop and she, the plaintiff, was free of contributory negligence.

This contention overlooks the fact that there was evidence that plaintiff failed to stop. The somewhat hazy estimates of speed and distances expressed by each of these litigants would authorize the jury to conclude that plaintiff did not stop, and that this occurred in such circumstances (the speed of defendant's car, considered in reference to its proximity to the intersection) as to justify a finding that but for plaintiff's failure to stop the collision would not have occurred. The court properly denied plaintiff's motion for a directed verdict.

Complaint is made concerning alleged improper argument of counsel for defendant. The argument was not transcribed. The alleged improper argument has been considered by the court on the basis of an affidavit timely filed by plaintiff. The court is unpersuaded that the matters complained of amounted to improper argument and concludes that even if error occurred during the argument it was not prejudicial error.

In like manner, by affidavit it is said that the trial judge improperly admonished counsel for plaintiff to refrain from making objections to proper argument of defendant's counsel. Of course, the trial judge may not interpose himself in the trial in such a way as to indicate bias. However, the trial judge necessarily must maintain decorum and orderly procedure. If repeated objections are made to proper argument, it is incumbent on the trial judge to take appropriate steps to curtail unwarranted interruptions and disruptions in the proceedings. Since the transcript of the argument, the objections, the rulings on them, and the context of the trial judge's remarks are not before this court, there is no showing of error which warrants reversal.

The judgment is affirmed.

All concur.